UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80277-CIV-SINGHAL

ROBERT KATSNELSON.,

    Plaintiff,

vs.

TPUSA, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon a *sua sponte* review of the docket. Plaintiff brings a collective action under the Fair Labor Standards Act ("FLSA"). Plaintiff asserts that this Court has original jurisdiction under the FLSA and supplemental jurisdiction over the Plaintiff's New York state law claims under 28 U.S.C. § 1367(a). (DE [1], ¶ 1).[1] But, this Court questions whether venue is appropriate.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *BirchRea Partners, Inc. v. Regent Bank*, 2018 WL 11247599, at *2 (S.D. Fla., Feb. 22, 2018) (citing 28 U.S.C. § 1404(a)). "Accordingly, courts must consider two questions when determining whether a transfer is appropriate: '(1) whether the action might have been brought in the proposed transferee court and (2) whether various factors are satisfied so

---

[1] In the alternative, Plaintiff asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) since the action is brought between citizens of different states and the amount in controversy exceeds $75,000.00. (DE [1], ¶ 1).

as to determine if a transfer to a more convenient forum is justified.'"  *Id.* (quoting *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002) (internal quotations omitted)).  "The ultimate decision to transfer a case to another district is within the court's sound discretion."  *Id*. (quoting *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991)).

"A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Upon review of the Complaint, the events "giving rise" to Plaintiff's various wage and hour and discrimination claims took place in New York.  Plaintiff provides that "[v]enue is proper in this District pursuant to 28 U.S.C. § 1391, in that Defendant conducts business in this District, and the forum selection clause in the agreement between Plaintiff and Defendant requires both Parties to bring any actions relating to Plaintiff's employment with Defendant in a state or federal court in Palm Beach County."  (DE [1], ¶ 3).  Plaintiff makes no other specific claims regarding where any of the events relating to this action occurred or any further references to locations in Florida.[2] The Court concludes that transfer to the Southern District of New York may be appropriate.

---

[2] "[W]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration."  *Windmere Corp. v. Remington Prods., Inc.,* 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citing *Curtin v. Litton Systems,* 365 F.Supp. 489, 490 (E.D.Pa. 1973)).

With respect to the second element, it appears that the various factors are satisfied such that transfer to the Southern District of New York would be appropriate. Courts consider the following factors when making this decision:

> (1) the convenience of the witnesses;
> (2) the location of relevant documents and the relative ease of access to sources of proof;
> (3) the convenience of the parties;
> (4) the locus of operative facts;
> (5) the availability of process to compel the attendance of unwilling witnesses;
> (6) the relative means of the parties;
> (7) a forum's familiarity with the governing law;
> (8) the weight accorded a plaintiff's choice of forum; and
> (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*BirchRea Partners, Inc.*, 2018 WL 11247599, at *2 (citing *Manuel v. Convergy's Corp.*, 430 F. 3d 1132, 1135 n.1 (11th Cir. 2005)). Because five of Plaintiff's nine claims are supplemental state New York state law claims, the events giving rise to these claims took place in New York, Plaintiff lives in New York, and mediation is even scheduled to take place in New York City, *see* (DE [22]), the Southern District of New York is likely the most appropriate venue.

"Under § 1404(a), a district court may *sua sponte* transfer a case, but shall, at a minimum, issue an order to show cause prior to transfer in order to allow the parties an opportunity to respond." *BirchRea Partners, Inc.*, 2018 WL 11247599, at *2 (citing *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)). Plaintiff has until **August 27, 2025** to file a response showing cause "why the Clerk should not be directed to transfer this case to the United States District Court for the Southern District of New York."

Failure to timely respond will result in the Court transferring this action to the United States District Court for the Southern District of New York.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 14th day of August 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF