UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80277-CIV-SINGHAL

ROBERT KATSNELSON,

    Plaintiff,

vs.

TPUSA, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon its Order to Show Cause why this action should not be transferred to the Southern District of New York (DE [28]). Plaintiff brings a collective action under the Fair Labor Standards Act ("FLSA"). Plaintiff asserts that this Court has original jurisdiction under the FLSA and supplemental jurisdiction over the Plaintiff's New York state law claims under 28 U.S.C. § 1367(a). (DE [1], ¶ 1).[1] But, this Court questions whether venue is appropriate.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *BirchRea Partners, Inc. v. Regent Bank*, 2018 WL 11247599, at *2 (S.D. Fla., Feb. 22, 2018) (citing 28 U.S.C. § 1404(a)). "Accordingly, courts must consider two questions when determining whether a transfer is appropriate: '(1) whether the action might have been

---

[1] In the alternative, Plaintiff asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) since the action is brought between citizens of different states and the amount in controversy exceeds $75,000.00. (DE [1], ¶ 1).

brought in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified.'"  *Id.* (quoting *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002) (internal quotations omitted)).  "The ultimate decision to transfer a case to another district is within the court's sound discretion." *Id*. (quoting *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991)).

"A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Plaintiff provides that "[v]enue is proper in this District pursuant to 28 U.S.C. § 1391, in that Defendant conducts business in this District, and the forum selection clause in the agreement between Plaintiff and Defendant requires both Parties to bring any actions relating to Plaintiff's employment with Defendant in a state or federal court in Palm Beach County."[2]  (DE [1], ¶ 3).  Plaintiff makes no other specific claims regarding where

---

[2] In his Response to the Court's Order to Show Cause ("Response"), Plaintiff states the aforementioned forum selection clause was included in Plaintiff's offer letter from May 2022, but discovery revealed that a subsequent offer letter, dated April 9, 2024, ("2024 Letter") did not include a forum selection clause. (DE [29], 4).  The 2024 Letter was accompanied by a separate "Confidentiality, Non-Disclosure and Non-Compete Agreement" ("Attachment"), which did contain a forum selection clause, but that clause was limited to actions "interpreting, to enforce, arising out of or related to this Agreement."  *See, e.g., Person v. ACS Techs. Grp., Inc.*, 2025 U.S. Dist. LEXIS 144522, at *7-9 (M.D. Fla. July 29, 2025) (holding that a forum selection clause requiring "any action[s] arising out of or related to" an employee's confidentiality and non-disclosure agreement did not extend to all claims "relate[d] to his employment" because such claims were not "'a fairly direct result' of the performance (or non-performance) of a duty to keep confidential

any of the events relating to this action occurred or any further references to locations in Florida.[3]

Upon review of the Complaint, the events "giving rise" to Plaintiff's various wage and hour and discrimination claims took place in New York.  In his Response to the Court's Order to Show Cause (DE [29]), Plaintiff adds that the Southern District of New York is where "(1) [he] lived when he worked for Defendant (and where he currently still lives), (2) he was terminated from his employment with Defendant, and (3) the effects of his termination and wage underpayments were felt."  The Court concludes that transfer to the Southern District of New York may be appropriate.

With respect to the second element, it appears that the various factors are satisfied such that transfer to the Southern District of New York would be appropriate.  Courts consider the following factors when making this decision:

    (1) the convenience of the witnesses;
    (2) the location of relevant documents and the relative ease of access to sources of proof;
    (3) the convenience of the parties;
    (4) the locus of operative facts;
    (5) the availability of process to compel the attendance of unwilling witnesses;
    (6) the relative means of the parties;
    (7) a forum's familiarity with the governing law;
    (8) the weight accorded a plaintiff's choice of forum; and
    (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*BirchRea Partners, Inc.*, 2018 WL 11247599, at *2 (citing *Manuel v. Convergy's Corp.*, 430 F. 3d 1132, 1135 n.1 (11th Cir. 2005)).  Because five of Plaintiff's nine claims are

---

Defendant's information") (quoting *Telecom Italia, SpA v. Wholesale Telcom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001)).

[3] "[W]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prods., Inc.,* 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citing *Curtin v. Litton Systems,* 365 F.Supp. 489, 490 (E.D.Pa. 1973)).

supplemental state New York state law claims, the events giving rise to these claims took place in New York, Plaintiff lives in New York, and mediation is even scheduled to take place in New York City, *see* (DE [22]), the Southern District of New York is likely the most appropriate venue.

"Under § 1404(a), a district court may *sua sponte* transfer a case, but shall, at a minimum, issue an order to show cause prior to transfer in order to allow the parties an opportunity to respond." *BirchRea Partners, Inc.*, 2018 WL 11247599, at *2 (citing *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)).  On August 14, 2025, the Court issued an Order to Show Cause why this action should not be transferred to the Southern District of New York (DE [28]).  The Order to Show Cause included the Court's analysis and conclusion that transfer to the Southern District of New York may be appropriate. *Id*. In his Response to the Court's Order to Show Cause (DE [29]), Plaintiff "respectfully request[ed] that the Court direct that this action be transferred to the Southern District of New York as soon as is practicable."  On August 21, 2025, this Court asked Defendant to file any objections it might have to a transfer by August 27, 2025.  (DE [29]).  No objections having been filed, it is hereby

**ORDERED AND ADJUDGED** that the Clerk is directed to **TRANSFER** the above-styled case to the Southern District of New York.  The Clerk shall **CLOSE** this case file in this District and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of August 2025.

                                                                         _____
                                                                         RAAG SINGHAL
                                                                         UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF